## ISAAC AVERY *versus* MATTHEW VAN DEUSEN.

Upon a trial in court, of a complaint against a mill-owner for overflowing the complainant's land on a particular day and on divers days before and after until the date of the complaint, the evidence must be confined to damage done within the period specified. *Semble.*

Upon such trial, the jury, in determining whether any damage was done to the land, may take into view any benefit derived from the overflowing.

THIS was a complaint for overflowing the meadow of the complainant, situated below the respondent's saw-mill. The respondent pleaded *not guilty*, and that the overflowing did not do any damage. Issue was joined on both pleas, and at

---

the trial, before *Putnam* J., a verdict was found upon both issues for the respondent.

The allegation in the complaint was, that the respondent, on the 13th of January, 1826, and on divers other days and times before and since that day, until the date of the complaint, viz. February 10th, 1826, caused the water to overflow, &c., to the damage of the complainant of 100 dollars *per annum.* The judge ruled that the complainant should be confined, as to the evidence of overflowing, to the time between the 13th of January and the 10th of February. The complainant proved, that during that time a quantity of sawdust and chips floated upon the meadow and remained there ; and that such a deposit, independently of any advantage from the irrigation, would be injurious to the grass where it lay The complainant was permitted to prove, and the jury were instructed to judge of, the effects which such things so deposited between the 13th of January and the 10th of February would have upon the meadow, by the effect which had been produced by the accumulation of them before that time ; and the complainant's witnesses testified, that the sawdust and sand had accumulated to the depth of six inches on a part of the meadow, where the grass was injured or destroyed. The respondent proved that the benefit derived to the meadow from the overflowing was greater than the damage caused by the deposit of sawdust, chips, &c. The complainant insisted that the jury should be instructed to give damages for the deposit, without regard to the advantages from irrigation ; but the judge instructed them to consider whether, upon a comparison of the advantages with the injury, the meadow was or was not damaged by the overflowing.

To these opinions and directions the complainant excepted, and if they were wrong, a new trial was to be granted.

*Dwight* and *Whiting,* for the complainant, insisted that as the object of the complaint was to have the annual damage determined, evidence should have been admitted of damage done before the 13th of January, 1826, and up to the time of the trial. *St.* 1795, *c.* 74 ; *Commonwealth* v. *Ellis,* 11 Mass. R. 465. The provision in *St.* 1824, *c.* 153, § 3, al-

*Sep* 19th

183

187

lowing the jury to take into consideration the benefit done by the overflowing, applies only to the sheriff's jury.

*Hubbard* and *Jones,* 'contrà, said that the respondent came into court to meet only the allegations in the complaint; that he could rely only upon the record as a bar to a future complaint for the same damages; and that the allegation of damage done on divers days before and since, &c., was too loose to allow of evidence of damage out of the period specified. 1 Chit. Pl. 384 ; *Pierce* v. *Pickens*, 16 Mass. R. 470.

The jury were rightly instructed to consider the benefit done by the overflowing, for the trial was a preliminary proceeding to inform the Court as to the expediency of having a sheriff's jury summoned ; and if the jury in court could not look at the evidence on both sides, the trial would be a futile and expensive ceremony.    *St.* 1795, *c.* 74, § 2.

*Sept. 21st.*    *Per Curiam.*    The right of the jury to consider the benefit derived from the overflowing, we think necessarily resulted from the issue they were to try.    The general question of damage was before them.[1]

In regard to the instruction, that the evidence of overflowing should be restrained to the time specified in the complaint, it appears that the complainant was allowed, in order to show the effect of the overflowing during that period, to prove the effect of former deposits of sawdust, &c., and the jury have found that the overflowing did not occasion any damage.    The question therefore as to the time of the damage is one of formality, the same facts, by which the complainant wished to prove an annual damage, being in evidence on the point whether any damage had been sustained; so that even if the judge were wrong in his direction, which we are not disposed to think, still there is no ground for a new trial.

*Judgment according to verdict.*

---

[1] See Revised Stat. *c.* 116, § 15.